# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV96-C

| | |
|---|---|
| LATONYA M. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| SAVANNAH-CHATHAM ) | |
| BOARD OF EDUCATION, ) | |
| ANDREW S.R. WICKERS, ) | |
| MEGAN KICKLIGHTER, ) | |
| FREDDIE GILYARD, and ) | |
| CYNTHIA KOBLER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Defendants' Motion to Dismiss Plaintiff's Complaint" (document #15) and "Memorandum in Support ..." (document #16), both filed December 5, 2008; and the pro se Plaintiff's two-page "Memorandum," which the Clerk inaccurately docketed as a "Motion to Continue" (document #18) filed December 8, 2008. Defense counsel has informed chambers' staff telephonically that the Defendants will not be filing a response/reply brief.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for the Court's consideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover compensatory damages for "unlawful termination" based on the Plaintiff's status as a substitute teacher in alleged violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), as well as a state law claim for defamation.

On March 1, 2007, the pro se Plaintiff, Latonya M. Brooks, now a resident of Charlotte, North Carolina, was hired as a substitute teacher by the corporate Defendant, Savannah-Chatham Board of Education. The Defendant Board of Education was created under Georgia law to operate a public school system located entirely within Chatham County, Georgia,, and does not conduct business in, have contact with, or otherwise avail itself of the laws of North Carolina.

The individual Defendants, Andrew S.R. Wickers, Megan Kicklighter, Freddie Gilyard, and Cynthia Kobler, who were the Plaintiff's former co-workers and/or supervisors, each aver that they are residents of Georgia and have no ties to North Carolina.

On October 18, 2007, the Defendant Board of Education terminated the Plaintiff's employment.

On December 31, 2007, the Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") through an office of the Georgia Commission on Equal Opportunity. In her administrative charge, the Plaintiff alleged only that she "was discriminated against because of [her] status as a substitute [teacher] [and was] belittled by [Defendants] Wickers and Kobler because of [her] status as a substitute." Administrative Charge, Exhibit to Complaint (document #1).

On January 29, 2008, the EEOC issued a "Dismissal and Notice of Rights," stating that "the facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC." Dismissal and Notice of Rights, Exhibit to Complaint (document #1).

On March 11, 2008, the pro se Plaintiff, who by then had relocated to Charlotte, filed a form-book Complaint, stating two causes of action, for unlawful termination in violation of Title VII and slander, and attaching and referencing her administrative charge and the EEOC's Dismissal and

2

Notice of Rights, quoted above, which contain the Complaint's only substantive factual allegations.

The Plaintiff did not obtain proper service of process on the Defendants until October 17, 2008. See "Defendants' Motion for Extension of Time to Respond ... to Complaint"at 1 (document #12) filed November 3, 2008.

On December 5, 2008, the Defendants filed their "Motion to Dismiss Plaintiff's Complaint" (document #15), based on lack of personal jurisdiction (Fed. R. P. 12(b)(2)), or in the alternative, for failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)).

In her Memorandum opposing the Defendants' dispositive Motion, rather than submit any substantive information or argument, the Plaintiff generally asks the Court to deny the Defendants' Motion, adopt a discovery plan, and schedule a pretrial conference.

The Defendants' Motion has been briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party, who need make only a prima facie showing that exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); and General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc., 765 F. Supp. 1246, 1248 (W.D.N.C. 1991).

Analysis of personal jurisdiction has traditionally involved two determinations: "whether the [particular state's] long-arm statute authorizes the exercise of jurisdiction in the circumstances

3

presented and ... whether the exercise of jurisdiction comports with Fourteenth Amendment due process standards." Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). However, because "the North Carolina long-arm statute [N.C. Gen. Stat. § 1-75.4 ] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, [the] normal two-step inquiry merges into one." Id., citing Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977).

The exercise of personal jurisdiction comports with due process when the defendant purposefully established "minimum contacts" in the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Ellicott Mach., 995 F.2d at 477. In addition, the court's exercise of personal jurisdiction must comport with traditional notions of "fair play and substantial justice." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980) (personal jurisdiction exists where defendant introduces product into stream of commerce with expectation that citizens in forum state will use the product).

Later cases have emphasized that the minimum contacts must be "purposeful." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). This "purposeful" requirement rests on the basic premise that traditional notions of fair play and substantial justice are offended by requiring a non-resident to defend himself (or, in the case of a corporate defendant, itself) in a forum state when the non-resident never purposefully availed himself of the privilege of conducting activities within the forum state, thus never invoking the benefits and protections of its laws. See Hanson v. Denckla, 357 U.S. 235, 253 (1958). Moreover, "this purposeful requirement helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 523 (M.D.N.C. 1996), citing Burger King, 471 U.S.

4

at 472; and World Wide Volkswagen, 444 U.S. at 297.

A court's exercise of personal jurisdiction may be specific or general. General personal jurisdiction exists, even when an action does not arise out of the non-resident defendant's contact with the forum state, if the non-resident defendant has had continuous and systematic contact with the forum state. Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 414-15 (1983). Specific jurisdiction involves the exercise of personal jurisdiction over a defendant in an action arising out of the defendant's contacts with the forum state. See Helicopteros, 466 U.S. at 414; McGee v. International Life Ins. Co., 355 U.S. 220, 225 (1957) (single contract which is subject of the action and which was formed in forum state provides basis for personal jurisdiction); English & Smith v. Metzger, 901 F.2d 36, 39 (4th Cir. 1990) (same); and Prince v. Illien Adoptions Int'l Ltd., 806 F.Supp. 1225, 1227 (D. Md. 1992) (same).

Where a court seeks to assert specific jurisdiction over a non-resident defendant, the fair warning requirement inherent in due process still demands that the non-resident defendant have purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking its benefits and protections. See, e.g., Federal Ins. Co. v. Lake Shore, Inc., 886 F.2d 654, 660 (4th Cir. 1989).

Applying the above principles to the undisputed factual record, the Defendants have not had any contacts with North Carolina, much less sufficient "minimum contacts" to satisfy due process requirements for the exercise of personal jurisdiction. Accordingly, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss for lack of personal jurisdiction be granted.[1]

---

[1] Although the absence of personal jurisdiction prevents the undersigned from making a recommendation concerning the Defendants' Rule 12(b)(6) Motion, it is apparent that the Plaintiff's Title VII claim is meritless. Indeed, the Plaintiff has premised her Title VII claim on her status as a substitute teacher, rather than membership in

## III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendants' Motion to Dismiss Plaintiff's Complaint" (document #15) be **GRANTED,** that is, that the Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to <u>de novo</u> review by the district court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>,

---

a legally-protected class. <u>See</u> 42 U.S.C. § 2000e (prohibiting employment discrimination based upon an "individual's race, color, religion, sex, and/or national origin.")

766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, Latonya M. Brooks, 1211 Rebecca Bailey Drive, Room 1610 C, Charlotte, North Carolina 28262; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: January 9, 2009

Carl Horn, III
United States Magistrate Judge